## PEAVEY, Adm'r, *v.* TILTON.

<div style="float:right">18  151<br>67  389</div>

The assent of one to a grant made in his favor, is presumed.

The delivery of a deed to a third person, for the use of the grantee, is sufficient.

ASSUMPSIT, for money had and received. Upon the trial the plaintiff offered the deposition of Ira E. Brown, the son and heir of the intestate, taken the 25th day of August, 1845, to the admission of which the defendant objected, on the ground that the deponent was interested in the event of the suit.

The plaintiff then offered a release and quitclaim of all the right of the witness in the estate to his mother, containing an order on the plaintiff for payment. It had been delivered to the administrator, but appeared not to have been known to the mother.

Upon this evidence the court admitted the deposition. No farther objection was made, after the deposition was admitted and read.

The jury, having returned a verdict for the plaintiff, the defendant moved for a new trial, on account of the admission of the deposition.

*Bell,* for the defendant, contended that there was no delivery and no assent to the release, because not presumptively for the benefit of the releasee. Brown might at any time have reclaimed the grant.

Assent is essential. 12 Johns. 418; 3 N. H. Rep. 304; 10 Mass. 456; 12 Mass. 456; 12 Pick. 141; 5 N. H. Rep. 71; 1 N. H. Rep. 53; 2 Mass. 447; 9 Mass. 307; 8 Mass. 230.

If a deed be left in the hands of another, with no authority, express or implied, to deliver it, it will be no deed. 5 Mason 60.

Signing is evidence of delivery only when the deed is in the hands of the grantee. 7 Taunt. 91; 4 Pick. 518; 15 Pick. 16; 17 Pick. 454.

*Bartlett*, for the plaintiff. This order is in terms, and conclusively for the benefit of the mother.

No form of words or ceremony is necessary; and where the matter is beneficial, no assent need be proved. *Kelsea* v. *Leighton & Tr.*, Dec. term, 1840. A release of demands need not be delivered.

GILCHRIST, J. The doctrine of *Thompson* v. *Leach*, 2 Vent. 198, is, that the assent of a party, to whom a conveyance is made, is to be implied, because there is a strong intendment of law that it is for a person's benefit to take, and no man can be supposed to be unwilling to do that which is for his own advantage. That while "a man cannot have an estate put into him in spite of his teeth," his assent to a grant, devise, or other conveyance, made for his benefit, is a matter of legal presumption, until the contrary appear. That doctrine is founded upon good sense, and has, since that case, been recognized as law. *Townson* v. *Tickell*, 3 B. & A. 36; Shep. Touch. 284; *Hurst* v. *McNeil*, 1 Wash. C. C. 70.

It is also settled that a deed may be effectually delivered to a third party, for the use of him who is to take under it; *Souverbye* v. *Ardon*, 1 Johns. Ch. 254; *Buffum* v. *Green*, 5 N. H. Rep. 80; and that it takes effect from such delivery, without awaiting the subsequent delivery to the principal party, and without any agency whatever of his.

There seems to be no reason why the same rules should not be applied to the case of the release in question, and why they should not conclude the questions that are raised.

The witness, as the only child of the deceased, is entitled to share with his mother the personal property of

his father. By a valid conveyance of his interest in that estate to his mother, he became qualified to testify.

The form of the conveyance appears to be sufficient. It is an order to the administrator to pay the sums to which he is, or may become entitled, to his mother, and that order is accepted by him, and he thereupon promises to pay those sums accordingly.

The order, or assignment, was delivered to Peavey, for the benefit and use of the mother, and it is to be presumed, according to the general rule, that she accepts it.

*Judgment on the verdict.*